# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CARROLL TUTON,

      Plaintiff,

      vs.                                                    No. CIV 98-1497 JC/JHG

THE CITY OF LAS CRUCES, LOUIS RAMON,
Director of Las Cruces Fire and Emergency Service,
CHRIS BENCOMO, Acting Director, CAPTAIN NIX
Former Shift Director Captain (SHIFT III), CAPTAIN
ALFRED LUJAN, Senior Manager/Shift Commander (Shift I),
MIKE LUNA, Firefighter, MIKE TELLES and DARREN
HAINES, as drivers, CAPTAIN ELIAS RODRIGUEZ,
Acting Captain, Individually and as Representatives of
THE CITY OF LAS CRUCES and JOHN DOES I-X,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion to Dismiss, filed January 8, 1999 (Doc. No. 3). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendants' motion is well taken in part and will be granted in part.

**Background**

Plaintiff is a driver for the Las Cruces Fire Department. Plaintiff claims other fire fighters mistreated and maligned him from December 1996 through to the filing of this lawsuit. Plaintiff's chief complaint is that co-workers made derogatory comments about him regarding sexual

orientation. Plaintiff claims co-workers made comments such as "Fucken Fag," "we were expecting you to wear a skirt," "Weak Fag" and "Harley-Davidson Riding Homosexual." Complaint at 3-4, 7.[1]

Plaintiff brings this suit in a five-count complaint. Count I is an equal protection claim under 42 U.S.C. § 1983; Count II is a Title VII retaliation claim; Count III is an Americans with Disabilities Act claim; and Counts IV and V are state law claims for defamation and intentional infliction of emotional distress.

**Analysis**

Defendants move to dismiss each of Plaintiff's claims. As to the equal protection claim, Defendants argue that Plaintiff has failed to state a claim because he did not allege that he is a member of a protected class or that Defendants' actions involved intentional discrimination.

Courts have generally recognized three types of equal protection claims. *See Esmail v. Macrane*, 53 F.3d 176, 178-79 (7th Cir. 1995). The first type of claim involves situations where a group of individuals has been singled-out based on some common trait or characteristic and treated differently than other individuals without that common trait or characteristic. *See Garcia v. New Mexico Office of Treasurer*, 959 F. Supp. 1426, 1432 (D.N.M. 1997) (quoting *Esmail*). The second type of equal protection claim involves challenges to laws or policies that irrationally distinguish between individuals or groups. *Id.* The final type of equal protection claim is where "the power of government is brought to bear on a harmless individual merely because a powerful state or local official harbors a malignant animosity toward him, the individual ought to have a remedy in federal court." *Esmail*, 53 F.3d at 179.

---

[1] Plaintiff is married, has five children and denies being homosexual.

Under the third type of equal protection claim, individuals are protected from intentional or purposeful discrimination even if they are not identified with a particular group or class. *See Smith v. Eastern New Mexico Med. Ctr.*, No. 94-2213 & 94-2241, 1995 WL 749712, at *8 (10th Cir. Dec. 19, 1995). I find that Plaintiff has stated an equal protection claim under this "malignant animosity" category. Although Defendants characterize Plaintiff's complaint as only involving seven derogatory comments, I find that the complaint alleges more. For instance, in paragraphs 46 and 47, Plaintiff claims he was forced to work a holiday when he should have been placed on light duty. Plaintiff alleges that another similarly situated individual was placed on light duty and did not have to work that holiday. Additionally, in paragraphs 22, 23 and 52, Plaintiff claims other less qualified individuals were chosen over Plaintiff for the alternate/acting lieutenant position on numerous occasions. Consequently, Defendants' motion will be denied as to Plaintiff's equal protection claim.

Although Plaintiff's equal protection claim survives Defendants' motion, I find that his Title VII retaliation claim does not. Defendants argue that Plaintiff has failed to state a prima facie case of retaliation because he (1) did not allege gender based harassment; and (2) did not plead an adverse employment action. Defs.' Mem. Supp. at 7. I agree with Defendants' first argument.

To prove a claim of retaliation, Plaintiff must prove: (1) that he engaged in statutorily protected activity; (2) that he suffered an adverse employment action subsequent to the protected activity, and (3) that a causal connection exists between the protected activity and the adverse action. *See Arzate v. City of Topeka*, 884 F. Supp. 1494, 1503 (D. Kan. 1995) (citing *Griffith v. State of Colo., Div. of Youth Servs.*, 17 F.3d 1323, 1331 (10th Cir. 1994). To establish the first element, Plaintiff merely has to show that he challenged or complained about conduct that he reasonably

believed was actionable under Title VII. *Id.*; *see also Holland v. Jefferson Nat'l Life Ins. Co.*, 883 F.2d 1307, 1313-14 (7th Cir. 1989). In this case, Plaintiff cannot establish that he reasonably believed in the actionability of the underlying conduct. The underlying conduct does not involve sexual harassment--it involves harassment implicating sex. Plaintiff's claim is more akin to sexual orientation harassment. Although the Supreme Court has recognized a Title VII claim for same-sex sexual harassment, *see Oncale v. Sundowner Offshore Servs., Inc.*, 118 S. Ct. 998 (1998), the Court has not recognized a claim for sexual orientation harassment. *See Johnson v. Community Nursing Service*, 932 F. Supp. 269 (D. Utah 1996); *Higgins v. New Balance Athletic Shoe, Inc.*, 21 F. Supp.2d 66, 73 (D. Maine 1998). Consequently, Plaintiff's Title VII retaliation claim will be dismissed.

Turning to Plaintiff's Americans with Disabilities Act ("ADA") claim, Defendants argue that the claim should be dismissed for failing to exhaust administrative remedies. I find this argument unavailing because exhaustion of remedies is not required for Title II ADA claims against public entities--entities such as the City of Las Cruces. *See Davoll v. Webb*, 943 F. Supp. 1289, 1297 (D. Colo. 1996) (citing *Pushkin v. Regents of Univ. of Colorado*, 658 F.2d 1372, 1381 (10th Cir.1981)).

As to Plaintiff's state law claims, Defendants move to dismiss the claims based on the New Mexico Tort Claims Act ("NMTCA"). Under the NMTCA, "[a] governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived." N.M.S.A. § 41-4-4. Defendants argue that none of the enumerated waivers apply to the City of Las Cruces or the individually named Defendants. I agree with Defendants as against the City of Las Cruces; however I disagree with respect to the individually named Defendants. I find

that a question still remains as to whether the individually named Defendants were acting within the scope of their employment. *Cf. Rivera v. New Mexico Highway and Transp. Dept.*, 115 N.M. 562, 564 (Ct. App. 1993) ("the horseplay in this case did not take place in the course and scope of Defendant's employee's employment"). Consequently, Plaintiff's defamation and intentional infliction of emotional distress claims will be dismissed only as against the City of Las Cruces.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, filed January 8, 1999 (Doc. No. 3), is **granted in part**. Plaintiff's Retaliation claim (Count II) is dismissed as against all Defendants.

IT IS FURTHER ORDERED that Plaintiff's Defamation (Count IV) and Intentional Infliction of Mental Distress (Count V) claims are dismissed as against the City of Las Cruces.

DATED this 15th day of March, 1999.

                                                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Rita Neumann<br>Las Cruces, New Mexico |
| Counsel for Defendants: | Mary T. Torres<br>Modrall, Sperling, Roehl,<br>  Harris & Sisk, P.A.<br>Las Cruces, New Mexico |